UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN GOLDEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:15-cv-408 |
| TRAVELERS LLOYDS OF TEXAS § | |
| INSURANCE COMPANY AND § | |
| RUSSELL JONES, § | |
| § | |
| Defendants. § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Travelers Lloyds of Texas Insurance Company ("Travelers") files its Notice of Removal of this action from the 393rd Judicial District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, the District and Division encompassing the state court in which this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Travelers shows this Court as follows:

1. On May 20, 2015, Plaintiff John Golden ("Plaintiff") filed an Original Petition (the "Complaint") in the 393rd Judicial District Court of Denton County, Texas, styled *John Golden vs. Travelers Lloyds of Texas Insurance Company and Jones Jones*, where it was assigned Cause No. 15-04237-393.

2. On May 26, 2015, Travelers was served with a citation and the Complaint. Removal is timely because thirty (30) days have not elapsed since Travelers was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).  In fact, less than thirty days have elapsed since Plaintiff filed the Complaint.

3. Travelers is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 393rd Judicial District Court of Denton County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule CV-81, attached are the following:

**Exhibit A:** A list of all parties in the case, their party type, current status of the removed case, list of the attorneys involved in the action, a record of the party that requested trial by jury, if any, and the name and address of the court from which the case is being removed;

**Exhibit B:** A certified copy of the state court docket sheet; and

**Exhibit C:** A copy of all documents filed in the state court.

### GROUND FOR REMOVAL:  DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

**(a)  The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff "seeks monetary relief over $100,000 but not more than $200,000." *See* Ex. C-1 at ¶ 5.  Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

**(b)  Complete diversity between Plaintiff and Travelers exists.**

7. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas.  For diversity purposes, an individual

is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom.  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  Accordingly, Plaintiff is a citizen of Texas.

        8.     Travelers is a Lloyd's plan insurance association and is an unincorporated association.  For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters.  *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993); *see also State Farm Lloyds v. Peed*, No. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001) ("For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.").  Travelers' underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas.  Accordingly, Travelers is a citizen of Connecticut.

        **(c)**     **Defendant Russell Jones was improperly joined.**

        9.     Defendant Russell Jones ("Jones") was improperly joined and, therefore, his citizenship can be disregarded for purposes of diversity jurisdiction.

        10.     "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990).  Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  When

assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573).

11. Two recent cases out of the Northern District of Texas demonstrate why Jones was improperly joined. *Plascencia v. State Farm Lloyds*, No. 4:14-CV-00524-A (N.D. Tex. Sept. 25, 2014) (McBryde, J.);[1] *Together 6 LLC v. Burlington Ins. Co.*, No. 4:15-CV-00064-Y (N.D. Tex. April 22, 2015) (Means, T.)[2] In these cases, which both involved hail damage claims against an insurance company, the court determined the non-diverse insurance adjusters had been improperly joined because the allegations against them were "mere conclusory allegations" and failed to allege facts that "would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct." *Plascencia*, 4:14-CV-00524-A, at *14. Further, the court determined that because plaintiff's "focus, and true complaint, has to do with [the insurer's] failure to pay plaintiff what plaintiff says he should receive under the terms of his insurance policy," there was "no reasonable basis for the court to predict that plaintiff might be able to recover" from the adjuster. *Id.* at *15. As in *Plascencia* and *Together 6*, Plaintiff's allegations against Jones are conclusory and Plaintiff's "true complaint" has to do with Travelers' failure to pay him what he claims he should receive under the terms of the insurance policy. *Plascencia*, 4:14-CV-00524-A, at *15.

12. A case out of the Eastern District of Texas further demonstrates why Jones was improperly joined. *Studer v. State Farm* Lloyds, 4:13-CV-413, 2014 WL 234352 (E.D. Tex. Jan. 17, 2014). As in *Placencia* and *Together 6*, *Studer* involved a hail claim against an insurance

---

[1] A copy of the *Plascencia* opinion is not available on Westlaw; therefore, it is attached for reference as Exhibit D.

[2] A copy of the *Together 6* opinion is not available on Westlaw; therefore, it is attached for reference as Exhibit E.

company and adjuster.  In *Studer*, the allegations and causes of action against the adjuster were identical to those asserted in Plaintiff's Complaint in this case. The court found that the adjuster was improperly joined because the plaintiff "failed to offer anything other than conclusory allegations that [the adjustor] could be held individually liable for any claim." *Studer*, 4:13-CV-413**,** at *5.  Accordingly, because the allegations against Jones are conclusory and made solely to destroy diversity jurisdiction, his citizenship should be disregarded because he was improperly joined.

13. Jones' consent to this removal is not required because he was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  Nevertheless, Jones has consented to removal.  *See* Ex. F.

14. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Travelers is a citizen of Connecticut, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

WHEREFORE, Travelers prays that the above-described action now pending in the 393rd Judicial District of Denton County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANTS TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY AND RUSSELL JONES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 17th day of June, 2015 at the address indicated below:

Ana M. Ene
William X. King
Richard D. Daly
John Scott Black
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis